IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FIREMEN'S INSURANCE COMPANY  *
OF WASHINGTON, D.C., A  *
DELAWARE CORPORATION  *
 *
  v.  *   Civil No. JFM-06-3261
 *
KOMATSU AMERICA CORP., ET AL.  *
   *****

MEMORANDUM

  Firemen's Insurance Company of Washington, D.C., has brought this action for its own use and for the use of Salvadore Flores-Sandoval and Juan Ortiz-Portillo, who were seriously injured while working for Gaines and Company, Inc., an insured of Firemen's. Firemen's has thus far paid a total of $695,204.19 in worker's compensation benefits to Flores-Sandoval and Ortiz-Portillo, and it estimates that its potential insurance exposure to them is $2.3 million. Firemen's also asserts claims on behalf of Flores-Sandoval and Ortiz-Portillo in an additional amount of $30 million.[1]

  Firemen's instituted the action in the Circuit Court for Baltimore City, Maryland. Defendants, various corporations and firms alleged by Firemen's to have been responsible for the accident in which Flores-Sandoval and Ortiz-Portillo were injured, removed the action to this court on the basis of the alleged diversity of citizenship of the parties. Firemen's has filed a motion to remand. The motion will be granted.

  It is undisputed that Firemen's and two of the defendants are Delaware corporations and

---

[1]Firemen's has the exclusive right during the first two months following an award of compensation to the covered employees to institute this action on its behalf and on behalf of the employees. *See* Maryland Code Ann., Lab. & Empl. Art. § 9-902; *Kilgore v. Collins*, 233 Md. 147, 195 A.2d 703 (1963).

that two of the other defendants are Delaware limited liability companies. Thus, on the face of the pleadings, diversity of citizenship is lacking. Defendants argue, however, that under *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78 (4th Cir. 1973), the citizenship of a "partial subrogee" such as Firemen's should not be considered for diversity purposes. *Virginia Elec. & Power* is, however, clearly distinguishable because there the action had been brought not by the insurer/subrogee but by the insured itself. Here, Firemen's is asserting a claim in its own right (as well as on behalf of Flores-Sandoval and Ortiz-Portillo), and the claim is well in excess of the $75,000 jurisdictional amount.[2]

Firemen's has requested that it be awarded the costs and expenses it has incurred as a result of the removal. *See* 28 U.S.C. §1447(c). Although the question is a close one, I have decided to exercise my discretion not to make such an award. *See generally In re: Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996). Firemen's is in a financial position to pay its own costs and expenses, and resolving the issue of the amount of attorneys' fees to which Firemen's is entitled might result in a delay in the remand of the action to the Circuit Court for Baltimore City, Maryland. Such a delay would not be in the public interest or in the interest of any of the parties.

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: <u>February 20, 2007</u>          /s/_____
                                        J. Frederick Motz
                                        United States District Judge

---

[2] Because I find that diversity of citizenship is lacking, I need not address Firemen's alternative argument that this action is now removable because it arises under Maryland's worker's compensation law. *See* 28 U.S.C. §1445(c).